**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000151**
**14-MAR-2019**
**07:52 AM**

NO. CAAP-18-0000151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SAMUEL EAGER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 13-1-0145)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Chan, JJ.)

Defendant-Appellant Samuel Eager appeals from the Judgment of Conviction and Sentence, filed on February 13, 2018, in the Circuit Court of the First Circuit (Circuit Court).[1] Eager was convicted of Assault in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") section 707-711(1)(b).[2] On appeal, Eager contends that there was insufficient evidence to convict him of Assault in the Second Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Eager's point of error as follows and affirm:

---

[1]    The Honorable Shirley M. Kawamura presided.

[2]    HRS section 707-711(1)(b) (Supp. 2012) states:

> **Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:
>
>     . . . .
>
>     (b)    The person recklessly causes serious or substantial bodily injury to another[.]

When the evidence adduced at trial is considered in the strongest light for the prosecution, *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (citation omitted), there was sufficient evidence to support Eager's conviction for Assault in the Second Degree. The Complaining Witness ("CW") testified that after he got off the bus and was walking down a street to go to a park, he suddenly fell to the ground and passed out. A policeman helped him up and gave him two towels to wipe off blood. Before he lost consciousness, the CW did not challenge anyone to a fight, there was nobody standing in front of him, he did not give anyone permission to injure him, and he did not hear anyone say anything to him.

An eyewitness testified to the identity of the CW's assailant. Specifically, the eyewitness said that while she was waiting to make a left turn from a contra flow lane, she saw Eager crossing the street at the intersection. After she made the left turn, she saw Eager stomping on the CW's head at least three times while the CW was on the ground. The eyewitness stopped, called 911, gave police a description of the attacker, and went to park her vehicle. She went to check on the CW, and noted that there was a significant amount of blood on the CW and the curb, and that he was dazed and holding his head.

Dr. Han Park testified to the CW's injury. Dr. Park is an emergency department physician, licensed to practice medicine in the State of Hawai'i, and board certified in emergency medicine. Dr. Park was qualified as an expert in emergency medicine at trial. Dr. Park described the CW's injuries from the January 29, 2013 incident as swelling around and a laceration above the right eye, a major avulsion, a second laceration, or penetration of the skin, a bone fracture, and a serious concussion. He stated that the fracture was to CW's orbital bone and one of the lacerations to the CW's eye required surgery.

Therefore, there was substantial evidence that Eager committed Assault in the Second Degree by recklessly causing

substantial bodily injury[3] to the CW by stomping on his head multiple times and causing a major avulsion, lacerations, or penetration of the skin, a bone fracture, and/or serious concussion.

Therefore, the Judgment of Conviction and Sentence, filed on February 13, 2018, in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, March 14, 2019.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3]     HRS section 707-700 (Supp. 2012) states:

"Substantial bodily injury" means bodily injury which causes:

(1)    A major avulsion, laceration, or penetration of the skin;

(2)    A burn of at least second degree severity;

(3)    A bone fracture;

(4)    A serious concussion; or

(5)    A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.